BOND RECOMMENDATION: Detention                                    OLH/tlh

AO 442 (Rev.5/85) Warrant for Arrest

# United States District Court
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

14-2278-JJO

UNITED STATES OF AMERICA

v.

YOEL EMILIO BAEZ-HERNANDEZ

WARRANT FOR ARREST

CASE NUMBER 8:14-CR-64-T-17-TGW

To: The United States Marshal
and any Authorized United States Officer

— SEALED —

YOU ARE HEREBY COMMANDED to arrest YOEL EMILIO BAEZ-HERNANDEZ and bring him forthwith to the nearest magistrate to answer an

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him with conspiracy to bring illegal aliens to U.S.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

| Sheryl L. Loesch | Clerk, United States District Court |
|---|---|
| Name & Title of Judicial Officer | Title of Issuing Officer |
| [Signature] | 2/20/14, Tampa, FL |
| Signature of Issuing Officer | Date and Location |
| (By) Deputy Clerk | |

Bail fixed at $ _____ by _____
                              Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

BOND RECOMMENDATION: Detention

SLH/lib

(C-142, Rev. 3/95) Warrant for Arrest

# United States District Court
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

AMABLE GONZALEZ-MANDIN

**WARRANT FOR ARREST**

CASE NUMBER 8:14-CR- 8:14 CR 64

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest AMABLE GONZALEZ-MANDIN and bring him forthwith to the nearest magistrate to answer an

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him with conspiracy to bring illegal aliens to U.S., bringing illegal aliens to U.S., transporting an illegal alien, and violating a Federal Regulation prohibiting departing U.S. waters with intent to enter Cuban waters without authorization.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(2)(B)(ii), and (a)(1)(A)(ii), and Title 50, United States Code, Section 192 and 33 Code of Federal Regulations, Sections 107.215(a) and 107.230.

| Sheryl L. Loesch | Clerk, United States District Court |
|---|---|
| Name & Title of Judicial Officer | Title of Issuing Officer |
| Signature of Issuing Officer | 2/20/14 Tampa, FL |
| (By) Deputy Clerk | Date and Location |
| Bail fixed at $ _____ by | Name of Judicial Officer |

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

BOND RECOMMENDATION: Detention

DLH/tlt

AO 442 (Rev. 5/85) Warrant for Arrest

# United States District Court
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

EDEL MESA-HERNANDEZ

**WARRANT FOR ARREST**

CASE NUMBER 8:14-CR- 64 T 17 Tbm

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest EDEL MESA-HERNANDEZ and bring him forthwith to the nearest magistrate to answer an

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him with conspiracy to bring illegal aliens to U.S., bringing illegal aliens to U.S., and violating a Federal Regulation prohibiting departing U.S. waters with intent to enter Cuban waters without authorization.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (a)(2)(B)(ii), and Title 50, United States Code, Section 192 and 33 Code of Federal Regulations, Sections 107.215(a) and 107.230.

| Sheryl L. Loesch | Clerk, United States District Court |
|---|---|
| Name & Title of Judicial Officer | Title of Issuing Officer |

2/20/14, Tampa, FL
Date and Location

Signature of Issuing Officer
(By) Deputy Clerk

Bail fixed at $ _____ by _____
Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

14-2278-JJO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 8:14-CR-64 T 17 TBM |
| CARLOS VELAZQUEZ-ROMAN, JASMINE SANTOS-MARTINEZ, YOEL EMILIO BAEZ-HERNANDEZ, EDEL MESA-HERNANDEZ, MARIO EMILIO TAMAYO-MEJIAS, And AMABLE GONZALEZ-MANDIN | 8 U.S.C. §§1324(a)(1)(A)(v)(I) & (ii) 8 U.S.C. § 1324(a)(2)(B)(ii) 50 U.S.C. § 192 33 C.F.R. § 107.215(a) 33 C.F.R. § 107.2320 Forfeiture: 8 U.S.C. § 1324(b) 18 U.S.C. § 982(a)(6) 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury Charges:

SEALED

**COUNT ONE**

Beginning on an unknown date prior to on or about May 3, 2007 and continuing through at least on or about May 15, 2013, in the Middle District of Florida and elsewhere,

CARLOS VELAZQUEZ-ROMAN,
JASMINE SANTOS-MARTINEZ,
YOEL EMILIO BAEZ-HERNANDEZ,
EDEL MESA-HERNANDEZ,
MARIO EMILIO TAMAYO-MEJIAS,
and
AMABLE GONZALEZ-MANDIN,

defendants herein, did knowingly and wilfully combine, confederate, conspire, and agree with each other and other persons, both known and unknown to the Grand Jury, to bring and attempt to bring more than 100 persons to the United States, knowing that said persons were aliens, at a place other than as designated by the Secretary of Homeland Security, a violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i).

## COUNT TWO

From on or about March 12, 2009 through on or about March 13, 2009, in the Middle District of Florida and elsewhere,

CARLOS VELAZQUEZ-ROMAN,

defendant herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States, in any manner whatsoever, 26 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT THREE

From on or about May 26, 2009 through on or about May 27, 2009, in the Middle District of Florida and elsewhere,

CARLOS VELAZQUEZ-ROMAN,

defendant herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States, in any manner whatsoever, 13 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FOUR

From on or about May 18, 2010 through on or about May 19, 2010, in the Middle District of Florida and elsewhere,

CARLOS VELAZQUEZ-ROMAN,

2

defendant herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States, in any manner whatsoever, 15 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FIVE

From on or about March 25, 2011 through on or about March 27, 2011, in the Middle District of Florida and elsewhere,

### CARLOS VELAZQUEZ-ROMAN,

defendant herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States, in any manner whatsoever, 11 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT SIX

From on or about June 12, 2011 through on or about June 14, 2011, in the Middle District of Florida and elsewhere,

### CARLOS VELAZQUEZ-ROMAN, and EDEL MESA-HERNANDEZ,

defendants herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and

3

attempt to bring to the United States, in any manner whatsoever, 16 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT SEVEN

From on or about June 12, 2011 through on or about June 14, 2011, on a vessel of the United States less than 100 meters in length, upon the high seas and out of the jurisdiction of any particular State or district, with the Middle District of Florida being the district in which the vessel and offenders departed and returned to the United States,

### CARLOS VELAZQUEZ-ROMAN,
### and
### EDEL MESA-HERNANDEZ,

defendants herein, being the owners, agents, masters, officers, persons in charge, and members of the crew, did knowingly and willfully get underway within and depart from United States territorial waters and thereafter enter Cuban territorial waters without first obtaining a written permit from the Commander, Seventh Coast Guard District or his designee.

In violation of Title 50, United States Code, Section 192; Title 33, Code of Federal Regulation, Sections 107.215(a) and 107.230; and Title 18, United States Code, Section 2.

## COUNT EIGHT

On or about June 15, 2011, in the Middle District of Florida and elsewhere,

### CARLOS VELAZQUEZ-ROMAN,

defendant herein, for the purpose of commercial advantage and private financial gain, knowingly and in reckless disregard of the fact that a certain alien had come to, entered, and remained in the United States in violation of law, did transport and move

4

such alien within the United States by means of transportation and otherwise, in furtherance of the aliens' unlawful presence.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT NINE

From on or about May 9, 2013 through on or about May 10, 2013, in the Middle District of Florida and elsewhere,

CARLOS VELAZQUEZ-ROMAN,
JASMINE SANTOS-MARTINEZ,
MARIO EMILIO TAMAYO-MEJIAS,
and
AMABLE GONZALEZ-MANDIN,

defendants herein, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States, in any manner whatsoever, 5 such aliens.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT TEN

From on or about May 9, 2013 through on or about May 10, 2013, on a vessel of the United States less than 100 meters in length, upon the high seas and out of the jurisdiction of any particular State or district, with the Middle District of Florida being the district in which the vessel and offenders departed and returned to the United States,

CARLOS VELAZQUEZ-ROMAN,
MARIO EMILIO TAMAYO-MEJIAS,
and
AMABLE GONZALEZ-MANDIN,

defendants herein, being the owners, agents, masters, officers, persons in charge, and

members of the crew, did knowingly and willfully get underway within and depart from United States territorial waters and thereafter enter Cuban territorial waters without first obtaining a written permit from the Commander, Seventh Coast Guard District or his designee.

In violation of Title 50, United States Code, Section 192; Title 33, Code of Federal Regulation, Sections 107.215(a) and 107.230; and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about May 10, 2013, in the Middle District of Florida and elsewhere,

### AMABLE GONZALEZ-MANDIN,

defendant herein, for the purpose of commercial advantage and private financial gain, knowingly and in reckless disregard of the fact that a certain alien had come to, entered, and remained in the United States in violation of law, did transport and move such alien within the United States by means of transportation and otherwise, in furtherance of the aliens' unlawful presence.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

## FORFEITURES

1. The allegations contained in Counts One through Six, Eight, Nine, and Eleven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c).

2. Upon their conviction for the violations alleged in Counts One through

Six, Eight, Nine, and Eleven of this Indictment, the defendants, CARLOS VELAZQUEZ-ROMAN, JASMINE SANTOS-MARTINEZ, YOEL EMILIO BAEZ-HERNANDEZ, EDEL MESA-HERNANDEZ, MARIO EMILIO TAMAYO-MEJIAS, and AMABLE GONZALEZ-MANDIN, shall forfeit to the United States of America, pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c):

    a. Any conveyance, including any vessel, vehicle, or aircraft, used in the commission of a violation of Title 8, United States Code, Section 1324(a);

    b. Any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such violation;

    c. Any property traceable to such conveyance or proceeds; and

    d. Any property, real or personal, used to facilitate, or is intended to be used to facilitate, the commission of such violation.

3. The specific property to be forfeited includes, but is not limited to, a forfeiture money judgment of at least $1,530,000, representing the proceeds of the offenses.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

7

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

5.    The specific property to be forfeited to the United States as substitute assets includes, but is not limited to:

      a.      The real property located at 4871 Kendsha Street, North Port, Florida 34288; and

      b.      The vessel registered to Carlos Velazquez, VIN: IYQ33005G809.

A TRUE BILL,

FOREPERSON

A. LEE BENTLEY, III
United States Attorney

By: _____
DONALD L. HANSEN
Assistant United States Attorney
Senior Litigation Counsel

_____
SIMON GAUGUSH
Assistant United States Attorney
Chief, General Crimes Section

FORM OBD-34
APR 1991

No. 8:14-CR-

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

CARLOS VELAZQUEZ-ROMAN,
JASMINE SANTOS-MARTINEZ,
YOEL EMILIO BAEZ-HERNANDEZ,
EDEL MESA-HERNANDEZ,
MARIO EMILIO TAMAYO-MEJIAS,
and
AMABLE GONZALEZ-MANDIN

## INDICTMENT
Violations:
Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) & (a)(2)(B)(ii)
Title 50, United States Code, Section 192
Title 33, Code of Federal Regulations, Sections 107.215(a) and 107.230

_A true bill,_

_____
Foreperson

Filed in open court this 20th day

of February 2014.

_____
Clerk

Bail $ _____